IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CRIMINAL CASE NO. 1:08-CR-478-JTC |
| ORLANDO KING, | |
| Defendant. | |

**O R D E R**

This matter is currently before the Court on the Government's motion in limine to exclude evidence, comment, and argument regarding matters that are substantially unrelated to the present case. [# 153]. For the following reasons, the Court **GRANTS** the Government's motion in limine and excludes evidence, comment, and argument regarding matters that are unrelated to the present case.

Defendant is charged with two counts of conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349; nine counts of substantive bank fraud, in violation of Title 18, United States Code, Sections 1344 and 2; four counts of aggravated identity theft in violation of Title 18, United States Code, Sections 1028A(A)(1) and (2), and one count of fraud in connection with an access device, in violation of Title 18, United

States Code, Section 1029.

The Government moves to exclude evidence, comment, argument, and all references to the following:

1. Defendant's claim that the Court lacks "territorial jurisdiction" over the location where the criminal activity took place.

2. Defendant's assertion that he is not subject to federal jurisdiction because is a "national of the Empire Washitaw de Dugdyahmoundyah" and "a member of the indigenous Emperial Washitaw Nation of Muurs."

3. The existence of commercial liens that have been placed on the Court, Magistrate Judge Brill, Assistant United States Attorney William McKinnon, and United State Postal Inspector Jessica Hood Owen for supposed violations of Defendant's constitutional and human rights, and for allegedly violating treaties that Defendant believes protect him.

4. The existence of a UCC Financing Statement listing the Court, Magistrate Judge Brill, Assistant United States Attorney William McKinnon, and United State Postal Inspector Jessica Hood Owen as debtors.

5. Defendant's correspondence with the Defense Information Systems Agency pertaining to a Freedom of Information Act request for a copy of Group Life Insurance standard form 61 and appointment affidavits standard form 61B.

6. Any additional matters like those listed above raised by Defendant in the pro se pleadings he has filed or will file before trial which have no bearing on the guilt or innocence of the Defendant.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

None of the evidence or arguments listed above are relevant to any element of the crimes with which Defendant is charged or to any available defenses. Therefore, none of the evidence or arguments listed above will be permitted at trial. Likewise, any comment or reference to the evidence or arguments listed above will be permitted at trial.

In addition, the Court has previously ruled these issues are immaterial,

if not purely fanciful. Therefore, if Defendant disagrees and thinks this Court's ruling is in error, he has preserved this issue for review by the Eleventh Circuit Court of Appeals.

For the reasons described above, the Court **GRANTS** the Government's motion in limine and excludes evidence, comment, and argument regarding matters that are unrelated to the present case.

**SO ORDERED**, this   21st     day of January, 2010.

_____
JACK T. CAMP
UNITED STATES DISTRICT JUDGE